IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

DAWN M. JACKSON, Individually and on §
Behalf of All Similarly Situated Persons,
    Plaintiff

V. § CIVIL ACTION NO. _____

JACOBS FIELD SERVICES NORTH
AMERICA, INC.
    Defendants § JURY DEMANDED

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

    This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq.* (1994 ed. and Supp. III) ("FLSA"). This action is brought both as an individual action and as a collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Dawn M. Jackson ("Plaintiff" or "Jackson"), and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendant, its subsidiaries and affiliated companies.

### Parties

    1.    Plaintiff Dawn M. Jackson is a former employee of defendant, as that term is defined by the FLSA, and is represented by the undersigned.

    2.    Defendant, Jacobs Field Services North America, Inc. is a Texas corporation that may be served with process in this matter through its registered agent for services, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

### Jurisdiction and Venue

    3.    This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

**Factual Allegations**

4. Jackson worked for Defendant Jacobs, a contractor for BP, in the scaffolding department at the BP plant in Texas City, Galveston County, Texas. During the years that Jackson was working in the scaffolding department, Jacobs employees in that department were required to report for work at least 10 minutes prior to their actual work start time of 7:00 am. Neither Jackson nor any of the other employees in the scaffolding department were compensated for the extra 10 minutes that they were required to be in attendance. Jackson and her co-workers were threatened with termination of their employment if they failed to report early as required.

5. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work.

6. Plaintiff was not paid on a salary or fee basis, and did not ever serve in the capacity of an executive, administrator, professional or outside sales representative, as those terms are understood pursuant to 29 C.F.R. §541. Therefore, Plaintiff was not exempt from the protection of the FLSA.

7. Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

8. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

**Dawn M. Jackson's Individual Allegations**

9. As a non-exempt employee, Jackson was entitled to be paid her regular hourly wage for all hours that she was required to work, and at time-and-one-half her appropriate regular rate for all work performed during the hours worked over forty (40) hours in a workweek. 29 U.S.C. §207 (a) (2008). Accordingly, the Defendant's practice of failing to pay any wages, much less time-and-one-half, for all time worked by scaffolding department employees at required pre-work meetings was and is in violation of the FLSA.

10. No exemption excuses the Defendant from paying Jackson for all time spent and work performed during the hours she worked. Nor has the Defendant made a good faith effort to

comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Jackson. Such practice was and is a clear violation of the FLSA.

## Collective Action Allegations

11.    Other employees have been victimized by the Defendant's pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendant have been imposed on the Members of the Class.

12.    The Members of the Class performed work that is similar in nature to that performed by Jackson.  Accordingly, the employees victimized by the Defendant's unlawful practices are similarly situated to Jackson in terms of their job duties.

13.    Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

14.    The Defendant's failure to pay its employees as required by the FLSA results from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is specifically prohibited by the FLSA. Thus, Jackson's experiences are typical of the experiences of the Members of the Class.

15.    No justification or exemption excuses the Defendant from paying the Members of the Class for all work performed and time spent in preliminary meetings. Nor has the Defendant made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime

compensation with respect to the Members of the Class.

16. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> All persons employed by the Defendant who worked in the scaffolding department at the BP plant in Texas City, Texas during the three-year period preceding the filing of this Complaint.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime and Full Wages Owed

17. Based on the foregoing, Defendant violated the FLSA by failing to compensate Plaintiff and Members of the Class for work performed and/or time spent attending required preliminary meetings, contrary to the requirements of Section 7 of 29 U.S.C. §207.

18. Plaintiff has suffered damages as a direct result of Defendant's illegal actions.

19. Defendant is liable to Plaintiff and all Members of the Class for all unpaid and overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA for work performed during time worked in excess of 40 hours per work week and for unlawful deductions taken, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

20. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by the Defendant who worked in the scaffolding department at the BP plant in Texas City, Texas during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff and the Members of the Class's unpaid back wages at the applicable rate;
3. Judgment against Defendant that its violations of the FLSA were willful;
4. An equal amount to the overtime wage damages as liquidated damages;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

          Respectfully Submitted,

          */s/ Josef F. Buenker*
          Josef F. Buenker
          TBA No. 03316860
          1201 Prince Street
          Houston, Texas  77008
          713-868-3388 Telephone
          713-683-9940 Facsimile

          **ATTORNEY-IN-CHARGE FOR PLAINTIFF, DAWN M. JACKSON**